# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DION BLACK,

           Petitioner,      :      Case No. 3:19-cv-303

   - vs -                          District Judge Walter H. Rice
                                          Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
  London Correctional Institution,

                                :

           Respondent.

## REPORT AND RECOMMENDATIONS

This is an action for writ of habeas corpus, brought *pro se* by Petitioner Dion Black to seek relief from his convictions in the Common Pleas Court of Montgomery County, Ohio, for possession of heroin in excess of 250 grams and cocaine in excess of ten grams but less than twenty.

The case was randomly assigned on filing to District Judge Walter H. Rice and is referred to the undersigned for report and recommendations by General Order Day 13-01.

Upon filing, any new habeas corpus case under 28 U.S.C. § 2254 is to be reviewed by the assigned judge under Rule 4 of the Rules Governing § 2254 Cases. Under that Rule "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Magistrate Judge thus begins by examining the Petition and its attachments.

The Petition, which shows on its face that it was timely filed, indicates that Petitioner was

convicted by a jury on the indicted offenses and sentenced to the eleven-year imprisonment term he is now serving. He appealed to the Ohio Second District Court of Appeals which affirmed the conviction and sentence December 7, 2018. *State v. Black*, 2018-Ohio-4878 (2d Dist. Dec. 7, 2018); appellate jurisdiction declined, 156 Ohio St. 3d 1464 (2019). He then filed his Petition here on September 23, 2019 (ECF No. 3).

Black pleads the following grounds for relief:

> **Ground One:** Evidence to Convict Insufficient as a matter of law in violation of 14th Amendment Due Process Clause.
>
> **Supporting Facts:** Both conviction was [sic] obtained by State of Ohio in violation of double inference rule.
>
> **Ground Two:** Ineffective Assistance of Appellate Counsel in violation of Sixth and Fourteenth Amendment.
>
> **Supporting Facts:** Although appellate counsel raise [sic] insufficient evidence and manifest weight of evidence claims on direct appeal, such counsel argued the wrong reasons in support of his claims.

*Id.*

**Ground One: Insufficient Evidence**

On direct appeal, the Second District recited the relevant facts from the trial record. *State v. Black, supra.* In summary, a drug dog alerted on a package at the instance of Suzanne McDonough, United States Postal Inspector. After obtaining a search warrant, she found heroin hidden inside a candle. Thereafter Montgomery County Sheriff's Deputies obtained an anticipatory search warrant for the address to which the package was address. McDonough made a controlled delivery of the package with the heroin to Black. When officers approached the house

2

to execute the search warrant, Black fled, still holding the package. As he was chased, he threw the package and his cell phone over a fence. Upon searching the house, officers found indicia of residence there by Black and drug trafficking equipment.

On appeal Black claimed that the State had not proven he knowingly possessed the heroin. The Second District held:

> **[\*P27]** Construing the evidence in the light most favorable to the State, we find sufficient evidence that Black knowingly possessed the heroin contained in the parcel delivered to him. A defendant may be convicted based on direct evidence, circumstantial evidence, or both. *State v. Donley*, 2017-Ohio-562, 85 N.E.3d 324, ¶ 178 (2d Dist.). Circumstantial evidence has the same probative value as direct evidence. *Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 482, citing *State v. Nicely*, 39 Ohio St.3d 147, 529 N.E.2d 1236 (1988); *State v. Bennett*, 2d Dist. Montgomery No. 24576, 2012-Ohio-194, ¶ 11. In fact, in some cases, "circumstantial evidence may be more certain, satisfying, and persuasive than direct evidence." *State v. Jackson*, 57 Ohio St.3d 29, 38, 565 N.E.2d 549 (1991).
>
> **[\*P28]** The State presented evidence that Black took possession of a parcel containing heroin from Postal Inspector McDonough. Prior to taking the parcel, Black had been informed by the postal inspector that the parcel was for Brandi Anderson, a name not associated with the residence. Law enforcement officers further testified that, soon thereafter, Black carried the parcel as he ran from the police and that he threw the parcel and his cell phone over a fence and into a neighbor's yard prior to his apprehension by law enforcement. Viewing this evidence in the light most favorable to the State, there was sufficient evidence for the jury to conclude that Black actually possessed the parcel of heroin and that his actions in accepting the parcel, fleeing with the parcel, and then discarding it prior to apprehension were circumstantial evidence that he knew the parcel contained heroin.

*Black, supra*.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the

3

United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

Upon review, it is clear that the Second District applied the correct constitutional standard in deciding an insufficiency of the evidence claim. It is also evident that there was sufficient evidence to convict: Black's behavior when confronted by the officers supports the inference that

4

he knew what was in the box that he accepted although it was addressed to someone else and then immediately fled and attempted to dispose of the evidence. The Second District's decision is thus not an objectively unreasonable application of *Jackson v. Virginia*.

**Ground Two: Ineffective Assistance of Appellate Counsel**

In his Second Ground for Relief, Black claims he received ineffective assistance of appellate counsel when appellate counsel failed to raise the correct claim about the sufficiency of the evidence, to wit, that proof of knowing possession is supported only by a prohibited double inference. Black appropriately raised this claim (along with another that he does not pursue here) in an application for reopening the direct appeal under Ohio R. App. P. 26(B).

The Second District decided this claim as follows:

> **Double Inference**
>
> {¶12} In his second proposed assignment of error, Black claims that his conviction was impermissibly based on an inference upon an inference. He argues:
>
>> [T]he prosecution proved beyond a reasonable doubt that an unnamed principle offender shipped drugs through the mail to appellant's location. Wherefore, the trier of fact correctly inferred that the principle [sic] offender had to have knowledge that the package contained drugs that were probited [sic] by law. Once the trier of fact inferred that the principle [sic] offender had knowledge that the package contained drugs the trier of fact inferred that the appellant had guilty knowledge, thereby basing it's [sic] guilty verdict in violation of the double inference rule.
>
> {¶ 13} A defendant may be convicted based on direct evidence, circumstantial evidence, or both. *State v. Donley*, 2017-Ohio-562, 85 N.E.3d 324, ¶ 178 (2d Dist.). Circumstantial evidence has the same probative value as direct evidence. *State v. Jenks,* 61 Ohio St.3d 259, 272, 574 N.E.2d 482 (1991), citing *State v. Nicely,* 39

5

Ohio St.3d 147, 529 N.E.2d 1236 (1988); *State v. Bennett*, 2d Dist. Montgomery No. 24576, 2012-Ohio-194, ¶ 11. In fact, in some cases, "circumstantial evidence may be more certain, satisfying, and persuasive than direct evidence." *State v. Jackson,* 57 Ohio St.3d 29, 38, 565 N.E.2d 549 (1991).

{¶ 14} However, an inference cannot be deduced from or predicated on another inference. *State v. Sims,* 191 Ohio App.3d 622, 2010-Ohio-6228, 947 N.E.2d 227, ¶ 19, citing *Hurt v. Charles J. Rogers Transp. Co.,* 164 Ohio St. 329, 130 N.E.2d 820 (1955).

> "It is not permissible to draw an inference from a deduction which is itself purely speculative and unsupported by an established fact. Where an inference not supported by or drawn from a proven or known fact is indulged, and is then used as a basis for another inference, neither inference has probative value. Such a process may be described as drawing an inference from an inference and is not allowable. At the beginning of every line of legitimate inferences there must be a fact, known or proved."

*Hurt* at 332, quoting *Indian Creek Coal & Mining Co. v. Calvert*, 68 Ind.App. 474, 120 N.E. 709 (1918); see also *Seitz v. Harvey,* 2d Dist. Montgomery No. 25867, 2015-Ohio-122, ¶ 44.

{¶ 15} In this case, we find no reasonable probability that Black would prevail on a claim that his conviction was based on an impermissible double inference. The State's evidence at trial established that a postal inspector delivered a package containing heroin to a residence where Black was located. The postal inspector informed Black that the package was addressed to an individual named Brandi Anderson, a name not associated with the residence. Black accepted the package. When law enforcement officers approached the residence after the delivery of the package, Black fled with the package and ran around the side of the house, carrying the parcel under his arm like a football. When an officer located at the rear of the residence ordered Black to stop, Black threw the package and his cell phone over the fence of an adjacent yard. Officers apprehended Black and handcuffed him.

{¶16} In concluding that there was sufficient evidence to support Black's conviction, we stated that Black's actions in "accepting the parcel, fleeing with the parcel, and then discarding it prior to apprehension were circumstantial evidence that he knew the parcel

> contained heroin." *Black*, 2d Dist. Montgomery No. 27888, 2018-Ohio-4878, at ¶ 28. Contrary to Black's assertion, the inference that Black knew of the parcel's contents was not based on another inference that the sender knew that the parcel contained heroin. Rather, the inference that Black knew of the parcel's contents was based on direct evidence of Black's acceptance of a parcel addressed to an apparently non-existent person at his address and his actions of fleeing with the parcel and discarding it prior to his apprehension by law enforcement. Accordingly, we find no reasonable probability of a successful claim of ineffective assistance of appellate counsel based on Black's double inference argument.

*State v. Black*, No. 27888 (2nd Dist. Apr. 12, 2019)(unreported; copy at ECF No. 3, PageID 77-79).

In deciding this claim, the Second District used the federal standard provided by *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, a habeas petitioner must show that his attorney performed in a deficient manner and that he was prejudiced by that deficient performance. Here the Second District found no violation of the *Strickland* standard because in fact the conviction was not based on an inference on an inference. As a matter of logic, this Court agrees with the Second District: the inference of knowing possession was based directly on facts in evidence. Therefore the Second District's decision on the ineffective assistance of appellate counsel claim is a reasonable application of *Strickland*, entitled to deference under the AEDPA.

**Conclusion**

Black's two claims for relief are without merit and should therefore be dismissed. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be

objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 27, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).