**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

DION BLACK,

          Petitioner,    :    Case No. 3:19-cv-303

  - vs -                           District Judge Walter H. Rice
                                     Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
  London Correctional Institution,

                                                    :
         Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Dion Black under 28 U.S.C. § 2254, is before the Court on Black's Objections (ECF No. 5) to the Magistrate Judge's Report and Recommendations (ECF No. 4). District Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 6).

The Report recommended dismissing this case at the initial review stage under Rule 4 of the Rules Governing § 2254 Cases. In doing so, the Magistrate Judge presumed the correctness of the statement of facts made by the Second District Court of Appeals in affirming Black's conviction for possession of heroin. *State v. Black,* 2018-Ohio-4878 (Ohio App. 2nd Dist. Dec. 7, 2018). This presumption is required by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). Under § 2254(e)(1), a state court's findings of fact are presumed correct and may be rebutted by the petitioner only by clear and convincing evidence to the contrary. *Akins v. Easterling*, 648 F.3d 380. 386 (6th Cir. 2011); *Wagner v. Smith*,

581 F.3d 410, 413 (6th Cir. 2009); *Cornwell v. Bradshaw*, 559 F.3d 398, 405 (6th Cir. 2009); *Mitchell v. Mason,* 325 F.3d 732, 737-38 (6th Cir. 2003); *Warren v. Smith,* 161 F.3d 358, 360-61 (6th Cir. 1998).

Black asserts these factual findings are rebutted by the record. He quotes from the testimony of the delivering United States Postal Inspector, Suzanne McDonough, which he says shows she never testified that she delivered a package to Black (Objections, ECF No. 5, PageID 91-93). The attached transcript pages, however, belie this interpretation. ~~He~~ Black starts with the page on which McDonough identifies herself (Tr. p. 139, PageID 97), then skips twenty pages to page 159 where McDonough testified that she had the package addressed to Brandy Anderson that contained the heroin in the candle. When she made her presence known, the door was answered to a man who was on the telephone. "I stated that I had a parcel for a Brandy Anderson, and the individual acknowledged by nodding, but no words were transpired." _Id.._, PageID 98. After McDonough~~t~~ acknowledged that she probably could not identify that person after two years, she testified~~, in a portion Black leaves out of his summary,~~ that she "handed the parcel to the individual and left the premises." *Id.* Black leaves out that portion of McDonough's testimony in his summary. The local police then attempted to apprehend Black who fled with the same package and his cell phone, both of which he threw over the neighbor's fence. It is true that McDonough did not make an in-court identification of Black as the person to whom she handed the package, but he had it and he ran with it immediately thereafter.

Black analogizes what the Report does as granting summary judgment to Respondent (Objections, ECF No. 5, PageID 93). Fed.R.Civ.P. 56~~, which~~ governs summary judgment~~,~~ and applies to civil cases in which there has been no finding of fact in favor of either side. But in a habeas corpus case there has been a finding of fact by a jury after full presentation of the evidence

and then that finding has been affirmed by a state court of appeals. Under those circumstances, the burden of proof shifts and the habeas petitioner must show that the state court findings of fact are rebutted by clear and convincing evidence. Black has not done that. His identification as the possessor of the heroin depends not only on Ms. McDonough's testimony, but also that of the apprehending officers.

Black raises no objection at all to the Report's conclusions on the Second Ground for Relief, ineffective assistance of appellate counsel.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 8, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days

3

because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).