IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DION BLACK,

    Petitioner,

v.

NORM ROBINSON, Warden,
London Correctional Institution,

    Respondent.

Case No. 3:19-cv-303

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS AND
SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOCS. ##4,
7); OVERRULING PETITIONER'S OBJECTIONS THERETO (DOCS.
##5 AND 8); DISMISSING PETITION UNDER 28 U.S.C. § 2254 FOR
WRIT OF HABEAS CORPUS WITH PREJUDICE (DOC. #3); DENYING
CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN
FORMA PAUPERIS*; JUDGMENT TO ENTER IN FAVOR OF
RESPONDENT AND AGAINST PETITIONER; TERMINATION ENTRY

---

On September 27, 2019, United States Magistrate Judge Michael R. Merz issued a Report and Recommendations, Doc. #4, recommending that the Court dismiss the Petition Under 28 U.S.C. § 2554 for Writ of Habeas Corpus, Doc. #3, with prejudice. Petitioner filed timely Objections to the Report and Recommendations, Doc. #5. The Court recommitted the matter to Magistrate Judge Merz, who then issued a Supplemental Report and Recommendations, Doc. #7. Petitioner has filed timely Objections to that supplemental filing. Doc. #8.

Pursuant to Fed. R. Civ. P. 72(b)(3), the Court must make a *de novo* review of any portion of the Reports and Recommendations to which proper Objections have been filed. Based on the reasoning and citations of authority set forth by the Magistrate Judge in the Report and Recommendations and the Supplemental Report and Recommendations, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filings, Docs. ##4, 7, in their entirety and OVERRULES Petitioner's Objections thereto, Docs. ##5, 8.

Petitioner asserts two Grounds for Relief: (1) insufficient evidence, based on alleged violations of the double inference rule; and (2) ineffective assistance of appellate counsel in failing to raise this insufficient evidence claim on direct appeal.

In his Objections, Petitioner appears to argue that relief should be granted because the state court's adjudication on the merits "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). He maintains that the state court's factual finding that he took possession of a parcel containing heroin was clearly erroneous.

In support, Petitioner cites to testimony from the U.S. Postal Inspector Suzanne McDonough, who made the controlled delivery of narcotics to Black's residence. At trial, McDonough testified that the person who took delivery of the package was on his cell phone. She described this person as a 5'9" African-American male. She told him that she had a parcel for Brandy Anderson. He

nodded and took the package. McDonough testified, however, that, given the two years that had passed since the controlled delivery took place, she probably would not recognize him if she saw him again.

Based on McDonough's testimony, Black argues that, in order to find that he knowingly possessed controlled substances, the jury would have to make an impermissible double inference that: (1) he is, in fact, the person who accepted the controlled delivery; and (2) based on the sender's address on the package, Black knew that the package contained narcotics. Not so. Regardless of whether McDonough was able to specifically identify Black as the person who accepted the controlled delivery, the remaining facts are sufficient to support Black's conviction for knowing possession of a controlled substance.

The state court noted that, immediately after the package was delivered, law enforcement officers approached the house to execute the search warrant. Two men were on the porch. One was holding a parcel. Upon seeing the officers, the man who was holding the parcel ran to the back of the house, carrying it like a football. He then threw the parcel and his cell phone into a neighbor's yard. The officers apprehended that fleeing individual, identified by the law enforcement officers at trial as Petitioner Dion Black. At the time he was apprehended, Black was also found to have crack cocaine in his pants packet. *State v. Black*, No. 27888, 2018-Ohio-4878, ¶ 10.

The state court concluded that, viewing the evidence in the light most favorable to the prosecution, "there was sufficient evidence for the jury to

3

conclude that Black actually possessed the parcel of heroin and that his actions in accepting the parcel, fleeing with the parcel, and then discarding it prior to apprehension were circumstantial evidence that he knew the parcel contained heroin." *Id.* at ¶28. In short, the state court's decision did not hinge on McDonough's identification of Black as the person who accepted delivery of the package, but rather on what Black did after McDonough made the controlled delivery.

Black suggests that the jury failed to consider that he may have ran from the officers, not because he knew the parcel contained narcotics, but because he had outstanding warrants for his arrest. Although this may also be a plausible theory, Black has failed to show, by clear and convincing evidence, that the state court's findings of fact were clearly erroneous. Based on the foregoing, the Court rejects Black's claim that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

With respect to Black's insufficient evidence claim, Magistrate Judge Merz properly found that the state court applied the correct constitutional standard, as set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), and that the state court's decision was not an objectively unreasonable application of that Supreme Court precedent.

Black asserted an ineffective-assistance-of-appellate-counsel claim in his Rule 26(B) application. The state court denied his application, finding "no

reasonable probability that his conviction was based on an impermissible double inference." It found that the inference that Black knew the parcel contained a controlled substance was "based on direct evidence of Black's acceptance of a parcel addressed to an apparently non-existent person at his address and his actions of fleeing with the parcel and discarding it prior to his apprehension by law enforcement." The state court therefore concluded that there was "no reasonable probability of a successful claim of ineffective assistance of appellate counsel based on Black's double inference argument." *State v. Black*, No. 27888 (2d Dist. Apr. 12, 2019) (unreported; copy at Doc. #3, PageID##77-79).

With respect to this claim for relief, Magistrate Judge Merz properly found in his initial Report and Recommendations that the state court's decision was not an objectively unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984).

Citing Fed. R. Civ. P. 56(c), Black argues that because Respondent has not even entered an appearance, let alone shown that he is entitled to judgment as a matter of law, it would be an error to grant what amounts to summary judgment to Respondent at this stage of the litigation. Rule 56, however, is inapplicable. Rule 4 of the Rules Governing § 2254 Cases requires the Court to review each Petition and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." For the reasons explained above, Black's Petition does not survive this initial review. The Court

therefore DISMISSES the Petition for Writ of Habeas Corpus, Doc. #3, WITH PREJUDICE.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: October 29, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE