# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DION BLACK,

        Petitioner,  :  Case No. 3:19-cv-303

  - vs -                             District Judge Walter H. Rice
                                          Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
  London Correctional Institution,

                                   :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment (ECF No. 18). As a post-judgment motion, it is deemed referred for report and recommendations under 28 U.S.C. § 636(b)(3) and General Order Day 13-01.

**Litigation History**

Black filed his Petition September 23, 2019 (ECF No. 2). The Magistrate Judge recommended dismissal on initial screening under Rule 4 and on recommittal (ECF Nos. 4 and 7). Those Reports were adopted and the case dismissed on October 30, 2019 (ECF Nos. 9 and 10). The Sixth Circuit declined to issue a certificate of appealability on March 27, 2020 (ECF No. 15) and the Supreme Court of the United States denied Black's application for a writ of certiorari November 2, 2020 (*Black v. Robinson*, Case No. 20-5483; copy at ECF No. 17). The instant

1

Motion followed on March 13, 2021, the date of mailing.  The Clerk received and docketed the Motion on March 19, 2021.

## Analysis

Black brings his Motion for Relief from Judgment under Fed.R.Civ.P. 60(b)(5).  Because Black is a *pro se* litigant entitled to liberal construction of his pleadings, the Magistrate Judge has analyzed the Motion under all possible subsections of Rule 60.  Thus analyzed, the Motion is without merit and should be denied.

Fed.R.Civ.P. 60(b)(5) is plainly inapplicable because it allows vacation of a judgment which has been "satisfied, released, or discharged. . .."  This Court's prior judgment in this case has not been satisfied, released, or discharged.  Although it has not technically been affirmed on appeal, the circuit court, in an opinion by Judge Karen Nelson Moore, decided that reasonable jurists would not disagree with this Court's disposition of Black's claims.  *Black v. Robinson*, Case No. 19-4147 (6th Cir. Mar. 27, 2020)(unpublished; copy at ECF No. 15).  In particular, Judge Moore decided there was no "stacking of inferences" involved in convicting Black of possession of heroin on the basis of circumstantial evidence.

Black's argument for relief is that "both the State and this federal habeas court's personal participation in the case gives rise to the appearance of impropriety and possible bias which could constitute grounds for relief from the judgment. . . ."  (ECF No. 18, PageID 143).

If a judge has a disqualifying conflict of interest in the outcome of a case, that can constitute the basis for relief from judgment under Fed.R.Civ.P. 60(b)(6). In *Liteky v. United States,* 510 U.S. 540 (1994), the Supreme Court granted relief from judgment in a case between a developer and a

hospital where Tulane University, which owned the land and of which the judge was a trustee, stood to gain from a decision one way. The judge had even forgotten that the university owned the land. The Supreme Court nevertheless recognized the conflict of interest and vacated the judgment. The *Liteky* case, although not cited by Petitioner, was recalled to the Magistrate Judge's mind by Petitioner's citation of *Tumey v. Ohio*, 273 U.S. 510 (1927), where the disqualifying interest of the judge was that he was paid more for convictions than for acquittals.

Here the supposedly disqualifying bias is that the state court judges and this Court accepted the identification of Black as the person who received the mailed package containing heroin even though the delivering Postal Inspector, Suzanne McDonough, could not positively identify him when the case was tried. As proof, Black relies on excerpts from the trial transcript which are attached to his Motion[1](ECF No. 18, PageID 148, et seq.). Ms. McDonough, who had retired by the time of trial, testified that during her career she had been heavily involved in drug interdiction activities. *Id.* at PageID 151. In that capacity she had received an express mail package bearing a uniquely numbered label. *Id.* at PageID 156. She determined that the named sender was not associated with the return address and the named recipient was not associated with the address to which the package was directed. *Id.* at PageID 157-58. Her suspicion that drugs were involved was aroused and she submitted the package, along with others, to examination by a drug-sniffing dog, who alerted on this package. *Id.* at PageID 158-59.

Ms. McDonough then obtained a federal search warrant to search the package. Once she discovered 8.9 ounces of heroin inside a candle inside the box, she arranged a controlled delivery of the package with drug interdiction deputies of the Montgomery County Sheriff. *Id.* at PageID 154-55. She herself made the delivery on October 8, 2015. *Id.* at PageID 167. The door at the

---

[1] Because this case was dismissed on initial screening, the Respondent was never served and required to file the State Court Record. Nonetheless, the attached pages appear to be authentic copies of the transcript from trial.

delivery address was answered by a person she described as "Male, black, approximately five-nine, and he was wearing black pajama bottoms -- appears to be pajama bottoms." *Id.* at PageID 169.  The prosecutor asked "All right. This was two years ago. If you saw that person again, would you recognize them?" and Inspector McDonough responded "Probably not after a two-year period[2]." PageID 170.  Although the package was addressed to a female, Brandi Anderson, McDonough handed it to the black male who answered the door.  She was not asked if she saw the person to whom she handed the package in the courtroom.  Nor was she cross-examined about possible identification.

Petitioner asserts "the State appellate court stated that the postal inspector positively identified the petitioner as the person she delivered the suspect package to. (ECF No. 18, PageID 145).  The state court decision is reported at *State v. Black*, 2018-Ohio-4878 (2d Dist. Dec. 7, 2018)(Froelich, J.); appellate jurisdiction declined, 156 Ohio St. 3d 1464 (2019).  Judge Froelich made no such finding.

Black reminds the Court that he claimed a Due Process violation because the state courts relied on a double inference (ECF No. 18, PageID 145).  He asserts this Court denied him relief "based in part upon the State and federal court's conclusion that the postal inspector positvely [sic] identified the petitioner as the person she delivered the suspect packake [sic] to."  This Court also made no such finding and did not purport to rely on any such finding by the state courts (See Report, ECF No. 4, PageID 84-85).

Black then argues that this Court and the state courts reliance on a supposed fact that does not appear in the record gives rise to an appearance of impropriety and bias (Motion, ECF No. 18, PageID 146-47).  He avers that this puts the involved judges in the position of adverse witnesses whom he has

---

[2] The delivery took place October 8, 2015.  Trial did not occur until late 2017.

4

not had the opportunity cross-examine. He also asserts this error resurrects his double inference/Due Process claim.

As detailed above, none of the involved judges relied on an identification by Inspector McDonough, making Black's claim incorrect on the facts. But he is also wrong on the law. When a judge evaluates evidence in the record and comes to a conclusion adverse to a criminal defendant, that does not make the judge an adverse witness subject to cross-examination under the Confrontation Clause. It is the job of judges to evaluate evidence; their conclusions in that capacity, whether right or wrong, does not convert them to witnesses.

Second, the Due Process Clause of the Fourteenth Amendment does not forbid convictions supported by a double inference. The Sixth Circuit has determined there was no double inference here, but there is also no federal constitutional rule forbidding convictions supported in part by double inferences. As the Second District, this Court, and the Sixth Circuit in denying a certificate of appealability held, there was adequate circumstantial evidence to support a conviction in this case.

**Conclusion**

In accordance with the foregoing analysis, the Magistrate Judge respectfully recommends that Petitioner's Motion for Relief from Judgment be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 20, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

5

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.

**NOTICE REGARDING RECORD CITATIONS**

The attention of all parties is called to S. D. Ohio Civ. R. 7.2(b)(5) which provides:

> (5) **Pinpoint Citations**. Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court that reference a prior filing must provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number (ECF No. ___ or Doc. No. ___) of the document referenced.

The Court's electronic filing system inserts in all filings hyperlinks to the place in the record which has been cited following this Rule.  However, as with most computer systems, the CM/ECF program cannot read pinpoint citations which do not follow the Rule precisely.  For example, the first pinpoint citation in ODRC's Reply reads "Plaintiff argues that he could not bring this action until "administrative remedies as (sic) are exhausted (sic)." (Doc. 80, PageId# 987)."  The correct citation would have been Doc. No. 80, PageID 987."  Because Defendant added the "#" symbol, the program failed to inset a hyperlink.  Use of this software is mandated by the Judicial Conference of the United States and cannot be locally modified.  **The parties are cautioned to comply precisely with S. D. Ohio Civ. R. 7.2(b)(5) in any further filings.**