# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DION BLACK,

        Petitioner,    :    Case No. 3:19-cv-303

- vs -        District Judge Walter H. Rice
        Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
  London Correctional Institution,

        :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment (ECF No. 18). The Magistrate Judge filed a Report and Recommendations recommending the Motion be denied ("Report, ECF No. 19). Petitioner has filed Objections (ECF No. 20) and District Judge Rice has recommitted the Motion for reconsideration in light of the Objections (ECF No. 21).

Petitioner initially sought relief under Fed.R.Civ.P. 60(b)(5), but has switched to 60(b)(6) in his Objections (ECF No. 20, PageID 187). As his Claim for Relief, he argues:

> State and federal courts' reliance on personal information known only to these courts unsupported by State court records is a violation of the petitioner's Sixth & Fourteenth Amendment right to confrontation and effective cross-examination of adverse witnesses against him constitutional structual [sic] defect error warranting relief from judgment.

*Id.*, purportedly quoting *State v. Denoon*, 8 Ohio App 2d 70 (10th Dist. 1966). In *Denoon* the same judge who had arraigned the defendant also presided over his petition for post-conviction relief

1

and dismissed the petition because he said he remembered the arraignment and Denoon's claims about what happened there were incorrect.   The Tenth District reversed, holding "[t]he reliance of the hearing judge upon facts personally known to him, but not presented in evidence, constituted a denial of appellant's rights of confrontation, cross-examination and an impartial tribunal." *Id.* at 71.  This Court concurs wholeheartedly with the decision in *Denoon*, but that is not what happened in this case.

Petitioner asserts that in this case Judge Jeffrey Froelich, writing for the Second District Court of Appeals on direct appeal, wrote "In contrast, Black accepted a package that was identified as being addressed to Brandi Anderson, a person not associated with the address."  Petitioner then alleges:

> Nowhere in the State court record did any witness identify petitioner black as the person who receive the contraband package from the postal inspector, but yet both the State appellate court and this habeas court concluded that a witness did without State court record support.

(Objections, ECF No. 20, PageID 188-89).

The Second District decision on direct appeal is reported at *State v. Black,* 2018-Ohio-4878 (Ohio App. 2d Dist. Dec. 7, 2018).  Judge Froelich did indeed write the opinion for the court and his opinion contains at ¶ 32 the language quoted above.  However, the balance of ¶ 32 reads:

> When the police approached the residence shortly after the delivery of the parcel, Black remained in possession of the parcel and he fled with it, tucking it under his arm like a football. Prior to apprehension by the police, Black threw the package and his cell phone away from himself and over the fence into an adjacent yard. Thus, unlike the defendant in Blackshear, Black's behavior upon receipt of the parcel and shortly thereafter could reasonably be interpreted as reflecting his knowledge of the contents of the parcel.

Earlier in the opinion, Judge Froelich wrote:

2

> A man wearing black pajama bottoms (later identified as Black) answered the door, and McDonough stated that she had a parcel for Brandi Anderson. Black was on the phone, and he acknowledged her by nodding. McDonough handed Black the parcel and left the area.
>
> [*P9] After the package was delivered, R.A.N.G.E. Task Force officers approached the residence to execute the search warrant on the house. When Detective Samples approached the residence, two men were on the porch, one of whom was holding the parcel. Both individuals ran. One man, Perry Thompson, came off the porch but laid down on the front walkway upon seeing other officers; the other, Black, ran around the house with the parcel.
>
> [*P10] Detective Raymond Swallen, who was assisting with the execution of the warrant, was located at the rear of the house with Detective Jason Leslie. Swallen saw Black running from the right side of the house (from Swallen's perspective), carrying the parcel like a football. Swallen and Leslie ran towards Black, yelling "Stop, police." Black threw his cell phone and the parcel over the fence of an adjacent yard. The officers apprehended and handcuffed Black, patted him down for weapons, and after the house was secured, took Black around the front of the house to a police car. Swallen searched Black prior to placing him in a cruiser and located cash, a Social Security card, and what appeared to be crack cocaine in Black's pants pocket. Hutson, Swallen, and Leslie identified Black at trial.

*State v. Black, supra.*

Factual determinations by a state court of appeals are presumed to be correct in later habeas corpus proceedings. To overcome that presumption, a habeas petitioner must demonstrate that they are wrong by clear and convincing evidence. 28 U.S.C. § 2254(e). Petitioner has not even attempted to contravene Judge Froelich's finding that "Hutson, Swallen, and Leslie identified Black at trial" or that each of them had seen Black in possession of the package containing heroin.

In *Gray v. Mississippi*, 481 U.S. 648 (1987), the Supreme Court held a trial judge could not make up for eight *Witherspoon* violations in favor of the defense by making one in favor of the prosecution. Petitioner cites *Gray* for the proposition that two wrongs cannot make a right. This is based on his belief that this habeas court relied on its personal opinion in finding Black had

3

been identified as possession the heroin. But that is not what happened. The Magistrate Judge has no independent opinion on whether Black possessed the package. Rather, this Court was bound to defer to the Second District finding to that effect unless Petitioner refuted it with clear and convincing evidence. Petitioner has failed to do so.[1]

Petitioner has presented no authority holding that a District Court's acceptance of state court fact finding constitutes the federal judge's becoming an adverse witness subject to cross-examination. Nor has he presented any authority holding that a state appellate judge's findings of fact with the full appellate record before him constitutes that judge's becoming an adverse witness. The burden of proof that state court fact finding is in error is on the Petitioner, and Black has not carried that burden.

**Conclusion**

Upon reconsideration, the Magistrate Judge again respectfully recommends that Petitioner's Motion for Relief from Judgment be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 12, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

---

[1] The Magistrate Judge is unable to search the trial transcript respecting the Second District's findings because this case was dismissed on initial review under Habeas Rule 4 and the State Court Record was never filed.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #