# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DION BLACK,

        Petitioner,     :     Case No. 3:19-cv-303

  - vs -                        District Judge Walter H. Rice
                                     Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
  London Correctional Institution,

                                                  :

        Respondent.

# SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment (ECF No. 18). The Magistrate Judge has filed both a Report and Recommendations recommending the Motion be denied ("Report," ECF No. 19) and a Supplemental Report and Recommendations reaching the same conclusion ("Supplemental Report," ECF No. 22). Petitioner has again objected ("Second Objections," ECF No. 23) and District Judge Rice has recommitted the Motion for reconsideration in light of the Second Objections (ECF No. 24).

Black initially sought habeas corpus relief on the theory there was insufficient evidence to convict him because the postal inspector who delivered the package of heroin to him, Suzanne McDonough, could not identify him at trial. In dismissing this case, Judge Rice found, as had the Ohio courts, that other law enforcement officers identified Black as attempting to escape while in possession of the package (Decision of October 30, 2019, ECF No. 9).

Black appealed, but the Sixth Circuit denied him a certificate of appealability. *Black v. Robinson,* Case No. 19-4147 (Mar. 27, 2020)(unreported; copy at ECF No. 15). In her Opinion, Circuit Judge Karen Nelson Moore concluded reasonable jurists would not debate this Court's disposition of Black's insufficiency of the evidence or ineffective assistance of trial counsel claims. *Id.* Black sought to appeal further to the United States Supreme Court which denied his petition for writ of certiorari. *Black v. Robinson*, 141 S. Ct. 674 (Nov. 2, 2020)(copy at ECF No. 17).

Undeterred, Black filed the instant Motion for Relief from Judgment under Fed.R.Civ.P. 60(b)(6). The Magistrate Judge has twice recommended the Motion for Relief be denied (ECF Nos. 19 & 22). This would ordinarily be sufficient analysis, but Black has raised entirely new arguments in his Second Objections which require further analysis.

**First Objection: The Magistrate Judge Applied the Wrong Standard of Review**

Black argues that habeas corpus proceedings are civil in nature (Second Objections, ECF No. 23, PageID 215, citing *Fisher v. Baker*, 203 U.S. 174, 181 (1906), and *Ex parte Tom Tong*, 111 8 U.S. 556 (1883)). Therefore, he asserts, the Federal Rules of Civil Procedure apply to this case. *Id.* Under those Rules, particularly Fed.R.Civ.P. 12(c), a federal court must presume the truth of the allegations made in the Petition. *Id.* at PageID 215-16. The Magistrate Judge committed error because he went outside the pleadings and presumed the truth of the facts in the Second District Court of Appeals opinion, *State v. Black*, 2018-Ohio-4878 (Dec. 7, 2018), rather than those stated in the Petition.

This argument should be overruled in the first place because it is very untimely. The

Magistrate Judge relied on Judge Froelich's opinion in the original Report and Recommendations on the merits (ECF No. 4, PageID 82). Black did not raise this claim in his original Objections (ECF No. 5), his Objections to the Supplemental Report and Recommendations on the merits (ECF No. 8), his Motion for a Certificate of Appealability (ECF No. 12), the instant Motion for Relief from Judgment (ECF No. 18) or in his prior objections on the instant Motion (ECF No. 20).

> [W]hile the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. See *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater,* 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")); see also *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994); *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988); *Anna Ready Mix, Inc. v. N.E. Pierson Constr. Co., Inc.*, 747 F. Supp. 1299, 1302-03 (S.D. Ill. 1990).

*Murr v. United States,* 200 F.3d 895, 902 (6th Cir. 2000). Black missed five prior opportunities to make this argument and should be deemed to have forfeited it.

More importantly, however, the objection is without merit. Habeas corpus proceedings, although civil in nature, are governed by a special set of rules, the Rules Governing § 2254 Cases, adopted by the Supreme Court under the Rules Enabling Act independent of the Federal Rules of Civil Procedure. Under the Habeas Rule 12, "[t]he Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." The Habeas Rules contain no provision that facts pleaded in the petition are to be presumed to be correct. Any such presumption would be contrary to 28 U.S.C. § 2254(e)(1). In fact Black himself acknowledged in his original Objections on the merits that the Magistrate Judge was required to presume the truth

3

of state court fact findings (Objections, ECF No. 5, PageID 91).

**Second Objection: The State Court Findings Are Rebutted by Clear and Convincing Evidence**

The arguments made in this portion of the Second Objections are adequately dealt with in prior Reports which do not require elaboration.

**Conclusion**

Having reconsidered the Motion for Relief from Judgment in light of Petitioner's Second Objections, the Magistrate Judge again respectfully recommends that Petitioner's Objections be overruled and the Motion for Relief from Judgment be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 30, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such

objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.