IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DION BLACK,

    Petitioner,

v.

NORM ROBINSON, Warden,
London Correctional Institution,

    Respondent.

:
:
:
:
:

Case No. 3:19-cv-303

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #19),
SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #22)
AND SECOND SUPPLEMENTAL REPORT AND
RECOMMENDATIONS (DOC. #25); OVERRULING PETITIONER'S
OBJECTIONS THERETO (DOCS. ##20, 23, 26); OVERRULING
PETITIONER'S FED. R. CIV. P. 60(b)(5) MOTION FOR RELIEF FROM
JUDGMENT (DOC. #18); CASE TO REMAIN TERMINATED ON
DOCKET

---

On October 30, 2019, the Court dismissed Dion Black's Petition for Writ of Habeas Corpus with prejudice, and denied a certificate of appealability and leave to appeal *in forma pauperis.* Doc. #9. The Sixth Circuit Court of Appeals likewise denied his application for a certificate of appealability, Doc. #15, and the Supreme Court denied his petition for writ of certiorari, Doc. #17.

Black then filed a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(5). Doc. #18. United States Magistrate Judge Michael R. Merz has now issued a Report and Recommendations, Doc. #19, a Supplemental Report and

Recommendations, Doc. #22, and a Second Supplemental Report and Recommendations, Doc. #25. In each, he recommends that the Court overrule Black's motion, and deny a certificate of appealability and leave to appeal *in forma pauperis.* Black has filed Objections to each of these judicial filings. Docs. ##20, 23, 26. The Court must make a *de novo* review of those portions of the Reports and Recommendations to which proper Objections have been filed. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

Based on the reasoning and citations of authority set forth by United States Magistrate Judge Michael R. Merz in his Report and Recommendations, Doc. #19, Supplemental Report and Recommendations, Doc. #22, and Second Supplemental Report and Recommendations, Doc. #25, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filings in their entirety, and OVERRULES Petitioner's Objections, Docs. ##20, 23, 26, as meritless.

The Court rejects Black's claim Fed. R. Civ. P. 12 requires the Court to presume the truth of the factual allegations he made in the Petition. As Magistrate Judge Merz pointed out, not only did Black waive this argument by failing to assert it in a timely fashion, but it also fails on the merits because it is inconsistent with 28 U.S.C. § 2254(e)(1), governing habeas corpus proceedings. That subsection of the statute states that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the

burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). *See* Rule 12 of Rules Governing Section 2254 Cases ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

The crux of Black's argument is that the State appellate court's factual finding—that Black accepted a package containing heroin from the postal inspector who made a controlled delivery to his house—is not supported by the trial record. Black, however, has not shown by clear and convincing evidence that this finding was incorrect.

As discussed in this Court's Decision and Entry dismissing Black's Petition, Doc. #9, the postal inspector described the person who accepted delivery as a 5'9" African-American male, but admitted that she probably would not recognize him if she saw him, given that two years had passed. Nevertheless, at trial, the law enforcement officers who executed the search warrant immediately following the controlled delivery testified that Black ran from the house carrying the package of heroin. Prior to being apprehended, he threw his cell phone and the package into a neighbor's yard. Those law enforcement officers were able to identify Black as the person they apprehended. The state court found that these facts were sufficient to support his conviction for possession of heroin. *State v. Black*, 2018-Ohio-4878, 2018 WL 6435759, ¶ 27 (2d Dist. Dec. 7, 2018). This Court is required to

defer to the state court's factual findings unless Black refutes them by clear and convincing evidence. He has not satisfied that burden.

Accordingly, tor the reasons explained by Magistrate Judge Merz, the Court OVERRULES Petitioner's Fed. R. Civ. P. 60(b)(5) Motion for Relief from Judgment, Doc. #18.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be *objectively* frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner.

The captioned case shall remain terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: May 17, 2021

(tp - per Judge Rice authorization after his review)

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

4